IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA EQUITY MANAGEMENT GROUP INC.,

    Plaintiff,

    v.

PHYLLIS Y. MCGIHON,

    Defendant.
_____/

No. C 13-02280 CW

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

    Plaintiff California Equity Management Group, Inc. moves to remand this case to the state court.[1] Defendant Phyllis Y. McGihon opposes the motion. Having considered all the papers filed by the parties, the Court GRANTS Plaintiff's motion for remand.

## BACKGROUND

    On May 25, 2012, Plaintiff filed this action in the Contra Costa County Superior Court, asserting against Defendant a claim for unlawful detainer for possession of real property. On June 6, 2012, Defendant was served the complaint and summons. On August 21, 2012, Defendant had filed a Notice of Removal pursuant to 28 U.S.C. § 1443. On April 24, 2013, the district court had remanded the case to state court citing a lack of subject-matter

---

[1] Although Plaintiff states that it is seeking fees, it does not present any argument or evidence in support thereof. See Pl's Remand Mot. 2:18-20. Accordingly, the Court denies the motion to the extent it seeks fees.

1 jurisdiction pursuant to 28 U.S.C. § 1447(c).  See Case No. C 12-
2 04394-WHA, Dkt. 34.  On May 20, 2013, 348 days after the initial
3 service of the summons and complaint, Defendant filed her new
4 Notice of Removal pursuant to 28 U.S.C. § 1443 and it was assigned
5 the case number above.  Dkt. No. 1, Notice at 1:21-24.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter.  28 U.S.C. § 1441(a).  Title 28 U.S.C. § 1447 provides that if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded.  28 U.S.C. § 1447(c).  On a motion to remand, the scope of the removal statute must be strictly construed.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id.  Courts should resolve doubts as to removability in favor of remanding the case to state court.  Id.

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

DISCUSSION

I. Timeliness

Plaintiff contends that Defendant McGihon has not complied with 28 U.S.C. § 1446(b), which requires a notice of removal to be filed within thirty days after the service of summons upon the defendant . . . ." 28 U.S.C. § 1446(b). Defendant responds that she has one year to file a notice of removal under 28 U.S.C. § 1446(c). However, § 1446(c), which provides that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action," is not an exception to § 1446(b). In fact, § 1446(c) applies as a limitation on when a defendant can file a notice of removal under § 1446(b). Thus, Defendant has not timely brought her notice of removal. Moreover, as discussed below, diversity jurisdiction does not exist in this action.

II. Diversity Jurisdiction

Defendant alleges that the Court has diversity jurisdiction over this proceeding because Phyllis McGihon is a "fictitious instrumentality of the United States" and all of Defendant's rights, title and interest have been transferred to the "Phyllis Yvonne McGihon Trust." Defendant argues that diversity of citizenship is created because this trust is the real party in interest and foreign to the United States. Dkt. No. 1, Notice at 2:6-9.

Assuming without deciding that the trust is a Defendant and a foreign entity, this action cannot be removed on the basis of diversity jurisdiction. Defendant's argument that McGihon is a fictitious instrumentality of the United States is without merit.

3

McGihon is a resident of California and accordingly, complete diversity does not exist. Moreover, diversity is required at the time an action is commenced and at the time of removal. <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534, 537 (1939). The "Phyllis Yvonne McGihon Trust" did not exist when the suit began. The "Phyllis Yvonne McGihon Trust" document was executed on May 9, 2013, almost a year after the suit was filed. <u>See</u> Dkt. 1, Ex. 4, Certification of Trust. Finally, the amount in controversy between the parties does not exceed $75,000 as Plaintiff is seeking damages of $25,000 or less. <u>See</u> 28 U.S.C. § 1332(a); <u>see also</u> Dkt. 1, Notice, Ex. 1, Civil Case Cover Sheet. Thus, the Court lacks diversity jurisdiction over this matter.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand is GRANTED. The Clerk shall remand this case to Contra Costa County Superior Court and close the file.

IT IS SO ORDERED.

Dated: 7/23/2013

CLAUDIA WILKEN
United States District Judge

4